## HARPER v. HARPER et al.

### Circuit Court of Appeals, Third Circuit. December 5, 1892.

RES JUDICATA—QUESTIONS WHICH MIGHT HAVE BEEN LITIGATED.

A bill was filed in the federal circuit court in New Jersey for the cancellation or reformation of an agreement alleged to have been fraudulently procured. Complainant set forth that, desiring to constitute his divorced wife his agent for the management of his property, and to make certain provisions for her support, but with no intention of thereby recognizing any existing marital rights, but for the sake of conciliation, he requested his counsel to draw an agreement containing such provisions, but, on the contrary, such agreement was fraudulently so written that it constituted in law a separation agreement, which recognized the claims of his divorced wife, and invested her with the power to sign deeds as such. To this bill defendant pleaded that a bill had been filed in the chancery court of New Jersey to restrain complainant from collecting rents, in violation of such agreement, and for an accounting, etc.; that complainant answered, admitted the execution of the agreement, but averred that defendant had failed to keep up repairs, so that the rents had fallen off, and that in consequence he was unable to pay the annuity provided for; that complainant also filed a cross bill, which defendants answered; that a final decree was entered upon the issues raised, dismissing the cross bill and sustaining the agreement. *Held*, that the decree of the New Jersey court was conclusive of the validity of the agreement; for plaintiff was then in possession of all the facts, and might have litigated them in that suit.

Appeal from the Circuit Court of the United States for the District of New Jersey.

In Equity. Bill by John Harper against Ellen Harper and Gilbert Collins for the cancellation or reformation of an agreement alleged to have been fraudulently procured. Bill dismissed. Plaintiff brings error. Affirmed.

John A. Dennin, for appellant.
Charles L. Corbin, for appellees.

Before ACHESON and DALLAS, Circuit Judges, and BUFFINGTON, District Judge.

BUFFINGTON, District Judge. This is an appeal by John Harper from a decree of the circuit court of the district of New Jersey, dismissing a bill filed by him against Ellen Harper and Gilbert Collins. In his bill Harper alleged that in 1882 he had been, by a decree of a Dakota court, divorced from his wife, Ellen Harper. That thereafter he tried to convey his real estate in New Jersey, but was prevented by her setting up a claim of dower thereto. That on consultation with Gilbert Collins, who had been his legal adviser, he was told she had no valid claim, but was advised to make an agreement with her which would constitute her his agent for the management of his realty, but would in no way recognize a subsisting relationship of husband and wife between them; that this would end all disputes. That, relying on Collins' counsel, he consented to make an agreement

whereby Ellen Harper should receive from the rents of his property an annuity of $1,200 for herself and their children, and the further sum of $550 to be by her used in the repair of his houses, Harper paying taxes and water rents. That, under the belief and on the representation that it embodied the terms proposed, Harper, on June 15, 1883, signed the agreement which Collins drew. That in June, 1887, he found the paper was not as represented; that it was a separation agreement between husband and wife, in the form in use in New Jersey, which recognized the claims of Ellen Harper as his wife, gave her a right to sign deeds as such, and did not require her to use the $550 in repairs. That there had been inserted, without his knowledge or consent, a clause making the annuity a lien on certain property on Henderson street, Jersey City, and another for the signing of deeds by Ellen Harper to bar dower in certain specified real estate. That he supposed Collins had been acting as his counsel, but then first learned that he had signed the agreement as trustee for Ellen Harper. That he was told the agreement provided for the substitution of another person in place of Ellen Harper, at his option, to collect the rents, but instead thereof the power of substitution placed in the agreement was only in case she were unwilling or unable to act. He therefore, by his bill, prayed for the cancellation of the agreement, or its reformation in accordance with the terms agreed on and specified as above.

To this bill the defendants pleaded that on July 1, 1887, they had filed a bill in chancery in New Jersey to restrain John Harper from collecting the rents of his real estate in violation of said agreement, (a copy of which they annexed to their bill,) prayed for an accounting by him, and that the lien of Ellen Harper, provided for in the agreement, be established on the premises specified, and the agreement be specifically enforced. That John Harper appeared, answered the bill, admitted the execution of the agreement, but averred that Ellen Harper had not kept up repairs, so that the rents had fallen off, and he was therefore unable to pay the annuity or taxes. That she had refused to join in the conveyance of real estate provided for in it, whereby the agreement was forfeited. That John Harper had also filed a cross bill in which he alleged he had been advised by Collins and Corbin, his counsel, to fix the annuity at $1,750, instead of $1,200; that, on the preparation of the agreement, he found a clause for securing the annuity by mortgage, which he required should be stricken out, and which he supposed was done; that he insisted on the substitution of a clause providing for the appointment by him of some other person to take charge of the premises, if Ellen Harper should fail to properly perform her duties, and he supposed it had been done; that she had refused to join in a conveyance of certain premises; and prayed the agreement be set aside and decreed void. That to this cross bill answers were filed, which alleged the agreement was the result of a compromise; that Collins and Corbin had acted as counsel for Ellen Harper; that Harper had acted for himself; denied he regarded them as his counsel; averred the terms of the agreement were made between John Harper and Ellen Harper themselves; that on report of them to counsel they were fully discussed, and the agreement then drawn; and that it was signed by John Harper and Ellen Harper after full

explanation, and after changes had been made at his instance, and others, proposed by him, had been refused by Ellen Harper's counsel. That, on hearing of the issues thus raised, a final decree was made by Hon. Alexander T. McGill, chancellor of New Jersey, on April 24, 1888, as follows:

"First. That the cross bill of the said John Harper against Ellen Harper and Gilbert Collins, her trustee, should be, and the same thereby was, dismissed, without costs, so far as it prayed relief against said agreement. Second. That the said agreement bearing date the 15th day of June, A. D. 1883, made between John Harper, of the first part, Ellen Harper, of the second part, and Gilbert Collins, trustee for Ellen Harper, of the third part, was valid and binding upon said John Harper, and that the same, and so much thereof as provided that the said John Harper should pay to Ellen Harper seventeen hundred and fifty dollars per year for life, for the support of herself and the children of herself and John Harper, and directed the said payment on the two houses, 472 and 474 Henderson street, constituted a valid lien in equity upon said houses for all sums then due to Ellen Harper, and for all sums thereafter to grow due to her under said agreement."

The circuit court "being of the opinion that the plea is well founded in point of law, and presents a complete defense, to the complainant's bill," sustained it, and on March 22, 1892, dismissed the bill, with costs.

This action is assigned here for error. A careful examination of the pleadings discloses none. On the contrary, it shows an attempt, under the guise of additional allegations, to raise a second time an issue which had already been passed on by a court of competent jurisdiction, between the same parties. The execution, the validity, the binding force, of this agreement, were passed upon by the New Jersey chancery court. Ellen Harper and Collins, her trustee, alleged its validity, made profert of it, and prayed specific performance of it by John Harper. In his answer Harper alleged she had forfeited her rights under it, and in his cross bill went still further, and prayed it be declared void. He then had the opportunity to set up all the grounds of relief on which he bases his present bill. At that time he knew all the facts he now alleges. He says in his bill he learned them in June, 1887, and the former bill was not filed until July following. That he may not have then presented some phases of relevant evidence, or not in as strong a light; that he may not have stated his grounds of relief as fully as now,—cannot avail him to procure a retrial of substantially the same issue in another court. He had the opportunity of doing so; the facts were in his possession; and "in legal theory the conclusive presumption is that all matters susceptible of being presented were passed upon and decided by the court at the time of rendering a judgment." Belvidere v. Railroad Co., 34 N. J. Law, 196. To sift the evidence, to analyze the reasons, which led to it, would avail nothing. The question is not, why was the judgment entered? but simply whether a judgment was entered by a court of competent jurisdiction between the same parties on the same issue. "The allowance of such a plea as is set up in this case is based on the maxim, 'expedit reipublicae ut sit finis litium;' and the test question is whether the parties had in the former suit full opportunity to litigate the subject-matter of the present one." Gardner v. Raisbeck, 28 N. J. Eq. 71. Tried by this test, the bill was rightfully dismissed by the circuit

court. The questions involved in it were passed upon by the chancery court of New Jersey, it had jurisdiction of the subject-matter, and the parties were the same. All questions now raised could have been raised there. In legal presumption, they were. With the entering of the judgment by that court, all matters involved in that issue passed, as between the parties thereto, from the possibility of litigation afterwards and elsewhere, into the conclusiveness of a final decree of that court. That decree was a complete answer to the present bill, and the decree dismissing it is affirmed.